[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 17, 2006
THOMAS K. KAHN
CLERK

No. 05-16731
Non-Argument Calendar

_____

D. C. Docket No. 03-00164-CV-CDL-4

DEBRA ANNE GARY,

Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF HUMAN RESOURCES,
WEST CENTRAL GEORGIA REGIONAL HOSPITAL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 17, 2006)

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Debra Anne Gary appeals the district court's grant of summary judgment in favor of the Georgia Department of Human Resources ("DHR") and West Central Georgia Regional Hospital ("the hospital") (collectively the "defendants") on her employment discrimination claim, brought pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. In granting summary judgment, the district court determined that Gary was not "otherwise qualified" for the job of registered nurse.[1]

Gary raises two arguments on appeal. First, she argues that the district court abused its discretion in striking her affidavit filed in opposition to the defendants' motion for summary judgment as untimely based upon failure to show excusable neglect. Second, she contends that summary judgment was inappropriate as to her Rehabilitation Act claim. Each argument is considered in turn.

## I.

We review a district court's decision to strike an affidavit as untimely for an

---

[1]As an initial matter, appellees have filed a motion to strike an exhibit attached to Gary's Reply Brief labeled "Claims Management Letter." Because this document was not part of the record before the district court, the motion to strike is hereby GRANTED. Appellees have also filed a motion to file a sur-reply brief, or, in the alternative, strike any argument as to "Code Blue" raised in Gary's Reply brief. Because Gary's initial brief on appeal does not reference this argument, the motion to strike is hereby GRANTED. The alternative motion to file a sur-reply brief is DENIED.

abuse of discretion. *Useden v. Acker*, 947 F.2d 1563, 1571-72 (11th Cir. 1991); *Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1568 (11th Cir. 1987).

In the United States District Court for the Middle District of Georgia, a respondent replying to a civil motion must "submit a response, brief, or affidavits . . . within twenty (20) days after service of movant's motion and brief." M.D. Ga. Local Rule 7.2. A district court may extend the deadline for responding "upon motion made after the expiration of the specified period [] where the failure to act was the result of excusable neglect." Fed.R.Civ.P. 6(b); *see also Useden*, 947 F.2d at 1571-72 (holding that the district court did not abuse its discretion in striking an untimely affidavit where there was no showing of excusable neglect). "Absent an affirmative showing by the non-moving party of excusable neglect according to Fed.R.Civ.P. 6(b), a court does not abuse its discretion in refusing to accept out-of-time affidavits." *Clinkscales*, 831 F.2d at 1568.

It is undisputed that Gary filed the affidavit out of time without requesting an extension, did not allege "excusable neglect" at the time she filed the document, and failed to respond to the appellees' motion to strike the affidavit. Accordingly, we conclude that the district court's grant of the defendants' motion to strike the affidavit and its attachments was not an abuse of discretion. *See Clinkscales*, 831 F.2d at 1568. II.

We review *de novo* the district court's entry of summary judgment in favor of the defendants, considering all of the evidence and the inferences it may yield in the light most favorable to the nonmoving party. *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1060 (11th Cir. 1994). Summary judgment is appropriate only if there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (citations and quotations omitted).

"The [Rehabilitation] Act prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability." *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000) (citation omitted); *see also* 29 U.S.C. § 794(a). The standard for determining liability under the Rehabilitation Act is the same as that under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* ("ADA"). *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000); *see also* 29 U.S.C. § 794(d). To establish a prima facie case of discrimination under the Rehabilitation Act, an individual must show that she: (1) has a disability;

(2) is otherwise qualified for the position; and (3) was subjected to unlawful discrimination as the result of her disability. *Sutton v. Lader*, 185 F.3d 1203, 1207-08 (11th Cir. 1999).

"Determining whether an individual is 'qualified' for a job is a two-step process." *Reed v. Heil Co.*, 206 F.3d 1055, 1062 (11th Cir. 2000). First, the individual must satisfy the prerequisites for the position by demonstrating "sufficient experience and skills, an adequate educational background, or the appropriate licenses for the job." *Id.* Second, the individual must demonstrate that she can perform the essential functions of the job, either with or without reasonable accommodations. *Id.*

Employers must "provide reasonable accommodations for known disabilities unless doing so would result in an undue hardship to the employer." *Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996) (discussing ADA claims). "The plaintiff has the burden of proving that reasonable accommodations were available." *Reed*, 206 F.3d at 1062. "The employer, on the other hand, has the burden of persuasion on whether an accommodation would impose an undue hardship." *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1526 (11th Cir. 1997). "An employer or other covered entity is not required to reallocate essential functions. The essential functions are by definition those that the individual who

holds the job would have to perform, with or without accommodation, in order to be considered qualified for the position." 29 C.F.R. Pt. 1630, App. at 344.

The record demonstrates that the defendants presented evidence, which Gary failed to dispute, that responding to Code Blue, Code Red, and Code Stress situations was part of Gary's essential job duties. Gary was unable to perform the physical requirements necessary to deal with these situations, and her restrictions were permanent. Gary failed to point to any reasonable accommodation that would allow her to perform the essential duty of adequately responding to such an emergency situation, and none are apparent, particularly given that her restrictions directly prohibited her from performing essential duties of the position. *See Morisky*, 80 F.3d at 447. Accordingly, we conclude that the district court did not err in granting the defendants' motion for summary judgment on this basis.

For the above-stated reasons, we affirm the district court's grant of summary judgment in favor of the defendants.

**AFFIRMED.**